### Rosa McCloy v. The State.

No. 2724.   Decided April 13, 1904.

**Indictment—Name of Deceased.**

Where the indictment alleged that the name of the deceased, a female baby, was to the grand jurors unknown and the evidence showed the name of the mother to be as alleged in the indictment and the name of the child Priscilla, and that it could have been easily ascertained by the grand jury, the variance is fatal. Following Jorasco v. State, 6 Texas Crim. App., 238.

Appeal from the District Court of Galveston. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of murder in the second degree; penalty, sixteen years' imprisonment in the penitentiary.

The facts as far as the question decided is concerned are sufficiently stated in the opinion.

*John Grothgar* and *R. H. & Alice S. Tiernan,* for appellant.—Where an indictment alleges that the name of the person killed, in a murder case, is unknown to the grand jury, and the evidence on the trial shows that the said grand jury could by the use of ordinary diligence have ascertained the name of the person killed, the court should instruct the jury that the proof will not sustain a conviction. White's Code Crim. Proc., sec. 355, p. 262; Rothschild v. State, 7 Texas Crim. App., 519; Jorasco v. State, 6 Texas. Crim. App., 238; Puryear v. State, 11 S. W. Rep, 929.

When the police were so active in getting a confession from this unfortunate girl, it would have been an easy matter to have asked the name of the baby. Such name may have been disclosed to them by the mother at that time, but it was not developed by counsel for the State, and if the baby had no christian name, that may have been so told by the mother, but the record is silent. Was it not incumbent on the State to show that ordinary diligence was used to ascertain that important fact and lay it before the grand jury? And knowing that the defendant was mother of the baby, it followed that the baby's name was McCloy, hence they knew its name.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, the penalty assessed being sixteen years' confinement in the State penitentiary.

The indictment charges the murder "of a female baby, light brown in color, about three months of age, a better description and the name of said baby being to the grand jurors unknown." The first count charges the homicide by drowning; and the second, by strangling and choking. On the trial the evidence showed the name of the mother to be as alleged in the indictment, Rosa McCloy, and the name of the child Priscilla. It is evident the name of the mother was well known to the grand jury, as indicated by the indictment, and the testimony introduced on the trial.. The facts further show that the name Priscilla, if not known, could have been easily ascertained by the grand jury at the time the indictment was preferred. Upon this testimony a variance is claimed. This contention is well taken. For a careful and full discussion of this matter see Jorasco v. State, 6 Texas Crim. App., 238. Whether the grand jury knew or could have ascertained by reasonable diligence that the name of the child was Priscilla, they had indubitable evidence before them that the child was the daughter of appellant, and that appellant's name was Rosa McCloy. Then, of course, they knew the name of the

child to that extent. The grandmother of appellant testified that the name of the child was Priscilla. The evidence for the State disclosed that the child was born at the residence of the grandmother, at whose house appellant had remained practically all the time from the birth of the child until a few hours before its death. In the Puryear case, 28 Texas Crim. App., 73, the child there destroyed or alleged to have been killed was alleged as the infant child of its mother, giving the name of the mother; that was held sufficient allegation as to name—it appearing that the child had been born just before its destruction; that is, within a few moments. The State does not undertake here to account for the failure to allege the name of the child. For this reason the judgment must be reversed.

If upon another trial the facts are as detailed in this record, we believe the charge of circumstantial evidence should be given. The evidence in this regard could be much more satisfactory.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*